**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TERRANCE TURNER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:20-cv-00214-TES** |
| **BARRETT AND FARAHANY,** *et al.,* | |
| *Defendants.* | |

**ORDER DISMISSING COMPLAINT FOR LACK**
**OF SUBJECT-MATTER JURISDICTION**

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville*, 363 F. App'x 11, 15 (11th Cir.2010) (per curiam). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); accord *Walker*, 363 F. App'x at 16–17 (affirming sua sponte dismissal of case on the ground that the court lacked subject matter jurisdiction because the pro se plaintiff failed to allege an essential element of his federal claim). As discussed in more detail below, the Court finds that neither diversity jurisdiction nor federal question jurisdiction exists in this action.

**DISCUSSION**

A district court should "inquire into whether it has subject matter jurisdiction at

the earliest possible stage in the proceedings" and is obligated to do so "sua sponte whenever [subject matter jurisdiction] may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). If a district court determines that it lacks subject matter jurisdiction, it "is powerless to continue" and must dismiss the complaint. *Id.*

On June 5, 2020, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. *See* [Doc. 3]. The Court noted in its Order that Plaintiff's Complaint stated no private cause of action under federal law and all Defendants were from Georgia. [*Id.*, pp. 1—2]. In Plaintiff's response, Plaintiff again identifies Defendants as being from Georgia and fails to provide a federal cause of action. *See generally* [Doc. 4]. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Further, "[a]bsent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)). "An insubstantial question is one that is "obviously without merit." *Id*. As already noted, the federal statutes Plaintiff alleged Defendants violated do not have a private cause of action. *See* [Doc. 3]. Therefore, the Court must dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

## <u>CONCLUSION</u>

Because Plaintiff has failed to adequately identify the basis for this Court's

subject matter jurisdiction, the Court **DISMISSES** the case **without prejudice** for lack of subject matter jurisdiction.[1] Fed. R. Civ. P. 12(h)(3).

    **SO ORDERED**, this 13th day of June, 2020.

s/Tilman E. Self, III\
**TILMAN E. SELF, III, Judge**\
**UNITED STATES DISTRICT COURT**

---

[1] The Court also notes that venue is improper. The relevant venue provisions state that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). According to the allegations in the Complaint, no events giving rise to this suit occurred in the Middle District of Georgia; nor does Plaintiff identify the residence of any named Defendant as being in the Middle District of Georgia. [Doc. 1]. Instead, it appears from the allegations in the Complaint that the events giving rise to the claims occurred in Atlanta, which is in the Northern District of Georgia. [*Id.*, pp. 4—5]. Thus, the Middle District of Georgia is not the proper venue.